Filed 1/5/21  P. v. Serrato CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MARIA ELENA SERRATO,<br><br>  Defendant and Appellant. | B305470<br><br>(Los Angeles County<br>Super. Ct. No. GA008060) |

APPEAL from an order of the Superior Court of Los Angeles County, Stanley Blumenfeld, Judge.  Affirmed.

John Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

# INTRODUCTION

Maria Elena Serrato appeals from an order summarily denying her petition under Penal Code section 1170.95.[1] We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 1989 Serrato had an affair with a female coworker. The woman's husband found out about the affair and confronted Serrato. Serrato subsequently drove to the husband's house with two men who shot and killed the husband.

A jury convicted Serrato of first degree murder (§ 187, subd. (a)) and found true the allegation a principal was armed with a firearm (§ 12022, subd. (a)(1)). The jury also found true the special circumstance allegation the murder was committed by means of lying in wait (§ 190.2, subd. (a)(15)). The trial court sentenced Serrato to a prison term of life without the possibility of parole. In 1994 we affirmed. (*People v. Serrato* (Oct. 25, 1994, B075855) [nonpub. opn.].)

On December 5, 2019 Serrato, representing herself, filed a petition for resentencing under section 1170.95 and asked the court to appoint counsel to represent her. In her petition, Serrato alleged she "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019"; she "was not the actual killer"; she "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree"; and she "was not a

---

[1]     Statutory references are to the Penal Code.

major participant in the felony or [she] did not act with reckless indifference to human life during the course of the crime or felony."

On January 13, 2020 the superior court summarily denied Serrato's petition, ruling Serrato was ineligible for relief under section 1170.95. The court stated: "In this case, the jury concluded that [Serrato] aided and abetted in the murder 'with the intent to kill,' as reflected in the special-circumstance finding (and related instruction). . . . [¶] The petition in this case fails at the threshold. . . . To reach this conclusion, the court need look no further than the jury verdict and relevant instructions. Moreover, the decision on direct appeal—finding that the evidence supported the conclusion that [Serrato] hired the killer with the intent to kill—confirms that [Serrato] is ineligible for the relief she requests."

## DISCUSSION

A.     *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4), effective January 1, 2019, significantly modified the law relating to accomplice liability for murder. (*People v. Gentile* (Dec. 17, 2020, S256698) ___ Cal.5th ___, ___ [2020 WL 7393491, p. 1] (*Gentile*).) In its uncodified findings and declarations, the Legislature stated, "It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human

3

life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also declared, "Except as stated in subdivision (e) of Section 189 of the Penal Code [relating to first degree felony murder], a conviction for murder requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

The Legislature accomplished its goals by adding subdivision (a)(3) to section 188, and subdivision (e) to section 189. (*Gentile*, *supra*, ___ Cal.5th at pp. ___ [pp. 3-4].) New section 188, subdivision (a)(3), effectively eliminates the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder. (See *Gentile*, at p. ___ [p. 4].) New section 189, subdivision (e), limits the felony murder exception to the malice requirement, permitting a murder conviction for a death that occurred during the commission of certain serious felonies only when the prosecution proves other specified circumstances relating to the defendant's individual culpability.[2]

---

[2] Section 189, subdivision (e), provides with respect to a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that an individual is liable for murder "only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

4

Senate Bill No. 1437 also authorized, through new section 1170.95, an individual convicted of murder under a felony murder or natural and probable consequences theory to petition the sentencing court to vacate the conviction and resentence the petitioner on any remaining counts if he or she could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime. (See *Gentile*, *supra*, ___ Cal.5th at p. ___ [p. 7].) The petition must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95, the superior court case number and year of the petitioner's conviction, and a statement whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

If the petition contains all the required information, section 1170.95, subdivision (c), prescribes a two-step process for the court to determine whether the court should issue an order to show cause: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (See *Verdugo*, *supra*, 44 Cal.App.5th at p. 327.)

Once the court issues an order to show cause, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see

5

*Verdugo, supra,* 44 Cal.App.5th at p. 327.)  At the hearing the prosecution has the burden of proving beyond a reasonable doubt the petitioner is ineligible for resentencing.  (§ 1170.95, subd. (d)(3); *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 237.)  The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 974; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

> B.  *The Superior Court Properly Ruled Serrato Did Not Make a Prima Facie Showing of Entitlement to Relief*

We appointed counsel to represent Serrato on appeal.  After reviewing the record, counsel filed an opening brief raising no issues.  Counsel also sent Serrato a copy of the opening brief and the record.  On October 22, 2020 we notified Serrato she had 30 days to submit a brief or letter raising any grounds of appeal, contentions or arguments she wanted the court to consider.  On December 4, 2020 we received a 12-page supplemental brief from Serrato in which she argues the superior court should have appointed counsel to represent her and should have allowed her to submit new evidence in support of her petition.

The superior court did not err in ruling Serrato was ineligible for relief under section 1170.95 as a matter of law and summarily denying the petition.  In finding true the special circumstance allegation for lying in wait, the jury necessarily found Serrato had the intent to kill.  (See *People v. Fayed* (2020) 9 Cal.5th 147, 203 ["To determine whether an aider and abettor

who is not the actual killer can be subject to the lying-in-wait special circumstance, 'the questions are whether defendant, with the intent to kill, aided and abetted the victim's killing, and whether the actual killer intentionally killed the victim by means of lying in wait.'"]; *People v. Robbins* (2018) 19 Cal.App.5th 660, 670 ["Our Supreme Court has explained, in a lying-in-wait special circumstance case, "'Lying in wait is the functional equivalent of proof of premeditation, deliberation, and intent to kill.'"""].)

The trial court in Serrato's trial instructed the jury: "If you find that a defendant was not the actual killer of a human being, you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested or assisted any actor in the commission of the murder in the first degree." In affirming Serrato's conviction, we stated she "hired someone else to kill the victim. Such an action does not indicate appellant's reasoning had been obscured by provocation. Rather, the action only supports the conclusion appellant had premeditated and deliberated the killing." (*People v. Serrato*, *supra*, B075855.)

Neither Serrato nor her appellate counsel has raised a cognizable legal issue. Therefore, the order denying Serrato's petition under section 1170.95 is affirmed. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1040, review granted Oct. 14, 2020, S264278; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order denying Serrato's petition is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.